Dear Mr. Feldhausen:
This letter is in response to your request for an opinion of this office asking:
 Is the Missouri Highway and Transportation Commission authorized to enter into an agreement with St. Louis County to permit the county to close a portion of State Highway Route 40 in St. Louis County near the Missouri River and to construct a temporary levee across the highway at such time as the Missouri River is forecast to reach the 100-year flood stage within twenty-four hours.
By agreement executed on September 7, 1984, the Missouri Highways and Transportation Commission and St. Louis County, Missouri, contracted for the closing of U.S. Highway 40-61 under flood conditions. In essence, after notice to the Commission of predicted flooding, St. Louis County will construct a temporary levee across Highway 40 in accordance with construction plans approved by the Commission. The county will be responsible for detour signing and, after flood waters recede, restoration of the right-of-way to pre-flood conditions. All expenses are the responsibility of the county.
The Missouri Highways and Transportation Commission is established by Article IV, Section 29, Missouri Constitution. Pursuant to that provision, the Commission has authority over all state transportation facilities as provided by law, including bridges and highways, and has authority to limit access to, from and across state highways where the public interest and safety may require.
Article IV, Section 31, Missouri Constitution, states in part:
 The commission may enter into contracts with cities, counties or other political subdivisions for and concerning the maintenance of, and regulation of traffic on any state highway within such cities, counties or subdivision.
Under the flooding conditions described in the agreement, Highway 40 would be impassable whether St. Louis County constructed its levee or not. Thus, St. Louis County is not limiting access to, from or across state highways. Clearly, the agreement benefits both the state and the county by protecting the portion of the highway protected by the levee, by providing for necessary detours, and by protecting the substantial amount of public and private property within the levee.
It is, therefore, the opinion of this office that the agreement is squarely within the constitutional authorization of contracts "for and concerning the maintenance of, and regulation of traffic" on Highway 40, a state highway, and is, therefore, a valid agreement between the Missouri Highways and Transportation Commission and St. Louis County, Missouri.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General